*Niang v. Barr*

BIA
Reid, IJ
A209 426 111

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of September, two thousand twenty.

PRESENT:
　　　　JOSÉ A. CABRANES,
　　　　DENNY CHIN,
　　　　JOSEPH F. BIANCO,
　　　　　　*Circuit Judges.*
_____

ABDOU LAHAD NIANG,
　　　　*Petitioner,*

　　　　v.                                                18-1692
                                                         NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*
_____

FOR PETITIONER:　　　　　Kathryn C. Meyer, International
　　　　　　　　　　　　　Refugee Assistance Project, New
　　　　　　　　　　　　　York, NY.

FOR RESPONDENT:　　　　　Ethan P. Davis, Assistant Attorney
　　　　　　　　　　　　　General; Sabatino F. Leo, Senior
　　　　　　　　　　　　　Litigation Counsel; Tracey N.
　　　　　　　　　　　　　McDonald, Trial Attorney, Office

of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Abdou Lahad Niang, a native and citizen of Senegal, seeks review of a May 18, 2018 decision of the BIA affirming an October 5, 2017 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abdou Lahad Niang,* No. A209 426 111 (B.I.A. May 18, 2018), *aff'g* No. A209 426 111 (Immig. Ct. N.Y. City Oct. 5, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or

responsiveness of the applicant or witness, . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Although one of the IJ's findings is questionable, substantial evidence supports the adverse credibility determination given Niang's inconsistent statement regarding his persecution in Brazil and his lack of reliable corroboration.

We agree with Niang that the agency erred in finding his description of his injuries in Senegal vague, without first eliciting further details. *See Ming Shi Xue v. BIA,* 439 F.3d 111, 122 (2d Cir. 2006) ("[W]here a petitioner's testimony

3

was seemingly too vague, we have asked immigration judges to request additional details before concluding that the narrative was not credible.").

However, with respect to Niang's allegations of past harm in Brazil, the agency reasonably relied on Niang's inconsistent descriptions of his claim. 8 U.S.C. § 1158(b)(i)(B)(iii). In his asylum application, Niang asserted that he feared returning to Brazil because people in Brazil called him names such as "monkey" or "donkey" and wanted to "misuse [him] sexually because of [his] height." Certified Administrative Record at 443. In contrast, he testified that he dated a co-worker and her ex-boyfriend became angry about the relationship and the fact that Niang was black, so he continuously harassed Niang and attacked him with a knife at work. Niang testified that his attacker was arrested and jailed for one month but continued to harass and spy on Niang after his release, and a group of the attacker's friends beat Niang and threatened to cut his genitals. Although omissions are less probative than inconsistencies, and an asylum applicant is not required to list every detail to which he later testifies in as asylum application, the agency did not err in relying on these differing descriptions

4

and the omission of the concrete allegations of harm from the application. *See Hong Fei Gao*, 891 F.3d at 78–80 (weight given to an omission depends, in part, on whether "facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances"); *Lianping Li v. Lynch*, 839 F.3d 144, 150 (2d Cir. 2016) (upholding adverse credibility determination where petitioner's "asylum application did not simply omit incidents of persecution . . . [but rather] described the same incident of persecution differently"). Moreover, Niang's reliance on *Gurung v. Barr,* 929 F.3d 56, 61 (2d Cir. 2019), is misplaced, as the inconsistencies between the language of his application and his testimony were more than trivial. *See also Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007) ("So long as there is a basis in the evidence for a challenged inference, we do not question whether a different inference was available or more likely.").

Because the IJ properly found that Niang's credibility was questionable as to these events in Brazil, the IJ was entitled to find that Niang's testimony was not credible as a whole. *See Siewe*, 480 F.3d at 167–68. And because Niang's testimony was improbable, the IJ reasonably relied on Niang's

5

failure to rehabilitate his testimony with any reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably declined to give weight to letters from Niang's cousin and a family friend, particularly as Niang testified that his cousin did not have independent knowledge, his cousin's letter was a single paragraph without detail, and the other letter was from a family friend that Niang had not seen since 1998 and that did not address his personal circumstances. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Accordingly, although the vagueness finding is problematic, substantial evidence supports the agency's adverse credibility determination under the totality of the circumstances, given the inconsistency as to Niang's alleged harm in Brazil and the lack of reliable corroboration. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167;

6

*Biao Yang*, 496 F.3d at 273; *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir. 2006) (holding that, despite error, remand is futile if "we can state with confidence that the same decision would be made if we were to remand"). That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7